**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> DAMARI WILLIAM SINGLETON, <br> Defendant. | Case No. 16-cr-00518-BLF-1 <br> **ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION FOR FINDING OF WAIVER OF DEFENDANT'S ATTORNEY-CLIENT PRIVILEGE AND COMPELLING DISCLOSURE OF COMMUNICATIONS** <br> [Re: ECF 155] |

This order addresses the Government's Motion for Finding of Waiver of Defendant's Attorney-Client Privilege and Compelling Disclosure of Communications. Motion for Waiver, ECF 155. The Government asks the Court to find that Defendant Damari William Singleton has waived the attorney-client privilege by including claims for ineffective assistance of trial counsel ("IAC claims") in his pending Motion to Vacate and Correct Conviction and Sentence pursuant to 28 U.S.C. § 2255. *See id.* The Government also asks the Court to compel Singleton's trial counsel to produce all documents relating to representation of Singleton and to meet with the Government "as needed" to discuss and clarify those materials. *See* Motion for Waiver at 3, ECF 155. Singleton opposes the Government's motion, conceding that he has waived the attorney-client privilege by asserting IAC claims but arguing that the waiver is more limited than the Government suggests and that the Government is not entitled to the breadth of discovery it seeks. *See* Opp., ECF 159.

The Government's motion is GRANTED IN PART AND DENIED IN PART as set forth below.

*A. Waiver*

With respect to the issue of waiver, there is no dispute that Singleton's IAC claims effect a limited waiver of the attorney-client and work product privileges. Singleton pled guilty to sex trafficking of children and was sentenced to 210 months of imprisonment followed by 7 years of supervised release. *See* Judgment, ECF 104. He has filed a Motion to Vacate and Correct Conviction and Sentence pursuant to 28 U.S.C. § 2255, asserting two IAC claims stemming from the allegedly deficient representation of his trial counsel, Michael Hinckley. *See* § 2255 Mot., 153. Specifically, Singleton asserts that trial counsel was ineffective for failing to object to an incorrect calculation of Singleton's criminal history (Claim 1), and for conceding that Singleton engaged in illegal post-plea conduct (Claim 2). The Court has ordered the Government to respond to the § 2255 motion by July 6, 2021. *See* Order Re Briefing Schedule, ECF 158.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). This waiver "applies equally to the work product privilege." *Id*. at 722 n.6. Accordingly, this Court finds that Singleton's assertion of IAC claims waives the attorney-client and work-product privileges in this case.

*B. Scope of Waiver*

"[S]uch waiver is narrow and does not extend beyond the adjudication of the ineffectiveness claim in the federal habeas proceeding." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012). This is because the Ninth Circuit "can conceive of no federal interest in enlarging the scope of the waiver beyond what is needed to litigate the claim of ineffective assistance of counsel in federal court." *Bittaker*, 331 F.3d at 722. Thus, when a district court determines that a petitioner's assertion of IAC claims effects a waiver of the attorney-client and work-product privileges, "it must enter appropriate orders clearly delineating the contours of the limited waiver before the commencement of discovery, and strictly police those limits thereafter." *Id*. at 728. The district court has "a duty to enter a protective order prior to ordering the disclosure of privileged materials," and it is an abuse of discretion to order disclosure without entering a

protective order. *Lambright*, 698 F.3d at 818.

Applying these standards, the Court narrowly construes Singleton's waiver of the attorney-client and work product privileges to permit the Government to take discovery from Mr. Hinckley only as necessary to respond the IAC claims asserted by Singleton in his § 2255 motion. Moreover, the Government may not use such discovery for any purpose other than litigating Singleton's § 2255 motion and may not disclose such discovery to other persons or agencies beyond those assisting in litigation of the § 2255 motion.

*C.     Discovery*

Singleton correctly asserts that the Court's finding of waiver does not automatically entitle the Government to take discovery from Mr. Hinckley, as leave of court is required to take any discovery in a § 2255 proceeding. *See* Rules Governing § 2255 Proceedings, Rule 6(a), 28 U.S.C. foll. § 2255. Rule 6 of the Rules Governing § 2255 Proceedings provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." *Id*. "A party requesting discovery must provide reasons for the request," and such request must "include any proposed interrogatories and requests for admission, and must specify any requested documents." *Id*. Rule 6(b).

The Court finds that good cause exists to permit the Government to take discovery from Mr. Hinckley in this case, as the Government needs such discovery to respond to the IAC claims asserted in Singleton's § 2255 motion. However, the Government has not provided reasons for the broad scope of discovery requested, and it has not submitted proposed interrogatories, requests for admission, or requests for documents. The Government asks the Court to compel Mr. Hinckley "to provide all e-mails, messages, letters, summaries of conversations, notes, and other written or electronic correspondence documenting oral or written communications between Singleton and counsel pertinent to the Motion, criminal charges, plea negotiations, trial defenses, appellate defenses, and sentencing exposure in the course of counsel's representation of Singleton in Case No. 16-CR-00518 BLF." Motion for Waiver Proposed Order, ECF 155-1. The Government asks that Mr. Hinckley be ordered to provide all materials within 14 days, and that Mr. Hinckley be

3

"permitted to meet and confer with the government as needed thereafter for discussion and clarification of these materials and other matters pertinent to Singleton's § 2255 claims." *Id*.

The Court agrees with Singleton that the Government appears to be seeking discovery regarding every aspect to Mr. Hinckley's representation of Singleton rather than discovery targeted at the two IAC claims asserted by Singleton in his § 2255 motion. Those claims are that trial counsel was ineffective for failing to object to an incorrect calculation of Singleton's criminal history (Claim 1), and for conceding that Singleton engaged in illegal post-plea conduct (Claim 2). The documents requested by the Government are not limited to those relevant to Singleton's IAC claims. Moreover, the Government has not cited any authority for an order compelling Mr. Hinckley to provide documents within 14 days, or directing Mr. Hinckley to hold informal conversations with the Government "as needed." Accordingly, while the Court finds good cause to allow the Government to take discovery from Mr. Hinckley, the Court must deny the Government's current discovery requests as overly broad and vague.

This ruling is without prejudice to a motion for discovery that complies in all respects with Rule 6 of the Rules Governing § 2255 Proceedings. Given this ruling, it is unrealistic to expect the Government to be able to respond to the § 2255 motion by the current deadline of July 6, 2021. The Court will entertain any reasonable request for extension of that deadline, and would prefer that any new briefing schedule be presented in a stipulation and proposed order agreed to by both parties.

*D.      Conclusion*

The Government's motion is GRANTED IN PART AND DENIED IN PART, as follows:

(1)     The Government's motion for a finding of waiver is GRANTED. The Court finds that Singleton's assertion of IAC claims in his § 2255 motion has effected a narrow waiver of the attorney-client and work product privileges to the extent necessary for the Government to litigate the IAC claims asserted by Singleton in his § 2255 motion.

(2)     The Government may not use such discovery for any purpose other than litigating Singleton's § 2255 motion and may not disclose such discovery to other persons or agencies beyond those assisting in litigation of the § 2255 motion.

4

(3) The Government's specific discovery requests are DENIED as overly broad, vague, and non-compliant with Rule 6 of the Rules Governing § 2255 Proceedings. This ruling is without prejudice to a motion for discovery that complies in all respects with Rule 6 of the Rules Governing § 2255 Proceedings.

(4) This order terminates ECF 155.

**IT IS SO ORDERED.**

Dated: June 29, 2021

_____
BETH LABSON FREEMAN
United States District Judge