**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAMARI WILLIAM SINGLETON,<br><br>Defendant. | Case No. 16-cr-00518-BLF-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CORRECT AND CLARIFY SENTENCE PURSUANT TO RULE 35(a); AND** *SUA SPONTE* **CORRECTING CLERICAL ERROR IN AMENDED JUDGMENT**<br><br>[Re: ECF 199] |

Defendant Damari William Singleton ("Singleton") has filed a Motion to Correct and Clarify Sentence pursuant to Federal Rule of Criminal Procedure 35(a). *See* Mot., ECF 199. At the Court's request, both Probation and the Government have responded to the motion. *See* Gov't Resp., ECF 202; Prob. Resp., ECF 201. Singleton has filed a reply. *See* Reply, ECF 203.

For the reasons discussed below, Singleton's Rule 35(a) motion DENIED. However, the Court will *SUA SPONTE* correct a clerical error in the Amended Judgment filed on October 3, 2023, to reflect that defense counsel was appointed rather than retained.

**I.   BACKGROUND**

In January 2019, Defendant Damari William Singleton ("Singleton") pled guilty to one count of sex trafficking of children, and in September 2019 he was sentenced to a 210-month term of imprisonment and a 7-year term of supervised release. Judgment was entered on September 16, 2019. *See* Judgment, ECF 104. Thereafter, the Court granted in part and denied in part Singleton's motion to Vacate and Correct Conviction and Sentence pursuant to 28 U.S.C. § 2255. *See* Order, ECF 182. On September 26, 2023, the Court re-sentenced Singleton to a 168-month

term of imprisonment and a 7-year term of supervised release. *See* Crim. Minutes, ECF 196. An Amended Judgment was entered on October 3, 2023. *See* Am'd Judgment, ECF 198.

On October 6, 2023, Singleton filed the present Rule 35(a) motion to correct and clarify his sentence.

**II.   DISCUSSION**

    **A.   Legal Standard**

Rule 35(a) provides that, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action[.]" Fed. R. Crim. P. 35, Advisory Committee Note to the 1991 Amendment.[1] "'Every relevant authority agrees that the scope of 'clear error' correctable under Rule 35(a) is extremely narrow. . . . [A]ll essentially agree that 'clear error' under the Rule requires some reversible error at . . . sentencing . . . .'" *United States v. Romano*, No. 2:15-CR-00190-GEB, 2018 WL 10151929, at *2 (E.D. Cal. Sept. 17, 2018) (quoting *United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009)). "'An error must be 'acknowledged and obvious' rather than 'arguable' in order to constitute clear error for purposes of Rule 35(a).'" *United States v. Randle*, No. 3:10-CR-00005-BR, 2018 WL 1508869, at *4 (D. Or. Mar. 27, 2018) (quoting *United States v. Gilbert*, No. 16-17680, 2017 WL 6728518, at *3 (11th Cir. Dec. 29, 2017)).

    **B.   Analysis**

Singleton requests two changes to the Amended Judgment, neither of which involves a sentencing error falling within the scope of Rule 35(a). The requests are addressed in turn.

        **(1)   Request to Correct Defense Counsel's Designation**

First, Singleton points out that the Amended Judgment identifies his attorney, Steven Gruel, as "Retained" rather than "Appointed." Singleton asserts that although Mr. Gruel was

---

[1] The Advisory Committee Note is directed to Rule 35(c), as adopted in 1991; the 2002 Amendments moved Rule 35(c) to its current place as Rule 35(a).

retained to litigate his § 2255 motion, the Court thereafter appointed Mr. Gruel to handle his re-sentencing pursuant to the Criminal Justice Act ("CJA"). Singleton asks that under these circumstances, the Amended Judgment be corrected to change Mr. Gruel's designation from "Retained" to "Appointed."

The asserted error in the Amended Judgment regarding Mr. Gruel's designation has nothing to do with the sentence imposed by the Court. Singleton has not identified any impact that this asserted error had on his sentencing. Accordingly, the Rule 35(a) motion is DENIED with respect to the requested correction of Mr. Gruel's designation.

However, correction of this clerical error falls squarely within the Court's *sua sponte* authority under Federal Rule of Criminal Procedure 36. Rule 36 provides that, "After giving any notice it considers appropriate, *the court may at any time correct a clerical error in a judgment*, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added). Both the Government and Probation have indicated in their responses to Singleton's Rule 35(a) motion that they have no objection to correction of the Amended Judgment to change Mr. Gruel's designation from "Retained" to "Appointed." The Court will *sua sponte* correct the Amended Judgment to reflect that Mr. Gruel was "Appointed" rather than "Retained." The Court HEREBY ORDERS Probation to prepare the corrected Amended Judgment for the Court's signature.

**(2)     Request to Clarify that Federal Sentence is Concurrent**

Next, Singleton requests that the Amended Judgment be clarified to reflect that his federal sentence is to run concurrently with any portion of his state sentences that were not completed as of the date he was taken into federal custody, December 16, 2016. Singleton acknowledges that he had already served the entirety of his state sentences by the time the Court re-sentenced him on September 26, 2023. He also acknowledges that at his sentencing hearing, the Court granted his request that the PSR be amended to clarify that he had been in continuous federal custody since December 16, 2016. The Court observes that paragraph 4 of the Second Amended Presentence Report, which was filed after the sentencing hearing at the Court's direction, does reflect that "[t]he defendant has remained in continuous federal custody throughout these proceedings" since

3

December 16, 2016.  *See* Second Am'd PSR ¶ 4, ECF 197.

Singleton expresses concern that the Bureau of Prisons ("BOP") nonetheless may not calculate his release date correctly.  Specifically, Singleton asserts that "notwithstanding the clear language in the above paragraph 4, it appears that the BOP sentence computation unit may not follow the '*continuous federal custody' language*."  Mot. at 3 (italics in original).  He asks that the following language be inserted into the Amended Judgment "to clear up any confusion":  "The federal sentence of 168 months in custody runs partially concurrent (that is, since December 16, 2016) with any remaining imposed state sentences as described in the 2nd Amended PSR paragraphs 59 and 61."  Mot. at 4.

Singleton's speculation that the BOP may not correctly calculate his release date, and his desire to forestall any confusion on the part of BOP, does not provide an adequate basis for relief under Rule 35(a).  Singleton does not identify any "arithmetical, technical, or other clear error" in the sentence imposed by the Court.  Accordingly, the Rule 35(a) motion is DENIED with respect to Singleton's request to insert the proposed language ordering a concurrent federal sentence.

ORDER

(1) Defendant Singleton's Motion to Correct and Clarify Sentence pursuant to Federal Rule of Criminal Procedure 35(a) is DENIED.

(2) The Court *sua sponte* corrects the Amended Judgment pursuant to Federal Rule of Criminal Procedure 36 to reflect that defense counsel, Mr. Gruel, was "Appointed" rather than "Retained."  The Court HEREBY ORDERS Probation to prepare a corrected Amended Judgment designating defense counsel as "Appointed" rather than "Retained."

(3) This order terminates ECF 199.

Dated:  October 23, 2023

_____
BETH LABSON FREEMAN
United States District Judge

4